**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **3:01-CR-271-P** |
| | ) | **(3:04-CV-2744-P)** |
| **VICTOR MANUEL VARELA, #27803-177,** | ) | |
| **Defendant/Movant.** | ) | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on August 15, 2005, Movant's coram nobis petition, filed on December 20, 2004 (docketed as a "Motion to Dismiss (Coram Nobis)"), and Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed on December 29, 2004, have been re-referred to the United States Magistrate Judge.[1] The amended findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a post-conviction proceeding brought by a federal prisoner, consisting of a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and a coram nobis petition.

Parties: At the time of filing of this action, Movant was incarcerated at FCI Seagoville in Seagoville, Texas. (See § 2255 Mot. and Coram Nobis Pet.). He was subsequently transferred to the Eden Detention Center run by CCA in Eden, Texas (see Notice of Address Change filed

---

[1] Due to a clerical error the order of re-reference was filed only in the civil case assigned to the § 2255 motion. See docket entry # 3 in No. 3:04cv2744-G.

on Mar. 17, 2005), and then to the Dallas County Jail in Dallas, Texas, (see Notice of Address Changed filed on Aug. 12, 2005). On December 19, 2005, he was removed to Mexico for the second time, where he remains as of the filing of this recommendation. (See Movant's Mot. filed on Feb. 19, 2006, and Response to Show Cause filed on March 31, 2006).

The Court has not issued process in this case pending preliminary screening. See Rule 4 of the Rules Governing § 2255 proceedings.

Statement of the Case: On August 22, 2001, Movant was charged with bank fraud and aiding and abetting in a two-count indictment in violation of 18 U.S.C. §§ 1344 and 2. United States v. Varela, 3:01cr271-G (N.D. Tex., Dallas Div.). He pled guilty to Count One pursuant to a plea agreement. Id. On April 3, 2002, the District Court dismissed Count Two on the government's motion and sentenced Movant to twenty-seven months imprisonment, a five-year term of supervised release, and restitution in the amount of $36,300. Id. Movant appealed. On June 25, 2003, the United States Court of Appeals for the Fifth Circuit dismissed the appeal on the basis of counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967). See Varela v. United States, No. 02-10458 (5th Cir. Jun. 25, 2003).

After serving his twenty-seven month sentence, Movant was deported to Mexico. He re-entered shortly thereafter and was charged with illegal re-entry after deportation. See United States v. Varela, 3:04cr143-P (N.D. Tex., Dallas Div.). A motion to revoke his supervised release was also filed in No. 3:01cr271-G, and jurisdiction over the motion was transferred to Judge Jorge a Solis. (See Intra-District Transfer of Jurisdiction Order filed January 18, 2005). On January 21, 2005, Judge Solis revoked Movant's supervised release in No. 3:01cr271-P and sentenced him to ten months imprisonment to run consecutively to the 38-month sentence

  imposed on the same day for the illegal re-entry conviction in No. 3:04cr143-P. The Fifth Circuit recently affirmed both the revocation of supervised release and the illegal re-entry conviction on direct appeal. See No. 05-10144 (5th Cir. Cir. Feb. 24, 2006) (unpublished per curiam) (dismissing appeal from revocation in light of Anders); and 05-10206 (5th Cir. Jan. 10, 2006) (affirming conviction for illegal re-entry following deportation) (unpublished per curiam).

Movant's coram nobis petition was received and docketed on December 20, 2004, and his § 2255 motion was received and docketed on December 29, 2004, both of which pre-dated the revocation of his term of supervised release. According to Movant, only a fraud of over $10,000, can be considered an aggravated felony for purposes of deportation. He, thus, argues that he should have been held responsible for only the actual loss from the bank fraud to which he had pled guilty – namely $9,900 – and not $36,300, which represents the total loss from bank fraud including the dismissed count.[2]

Findings and Conclusions: Movant's § 2255 motion and coram nobis petition are subject to summary dismissal. Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides in part as follows:

> If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

---

[2] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a § 2255 motion is deemed filed for determining application of the statute of limitations when the prisoner tenders it to prison officials for mailing. Movant failed to include the date on which he signed his § 2255 motion. Therefore, absent additional information, the Court is bound by the filing date of December 29, 2004. Nevertheless, the long delays in this case would render irrelevant any benefit of the mailbox rule.

Movant has filed several supplements to his coram nobis petition and § 2255 motion. See Supplemental documents filed on January 18, 2005, January 28, and February 2, 2005.

A.  <u>Motion to Vacate Sentence under § 2255</u>

Paragraph 6 of "28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." <u>Dodd v. United States</u>, --- U.S. ----, ----, 125 S. Ct. 2478, 2480 (2005). Paragraph 6 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

With respect to ¶ 6(1) above, this Court notes that the Fifth Circuit Court of Appeals dismissed Movant's direct appeal from the original judgment in No. 3:01cr271-P on June 25, 2003. Thus, Movant's conviction became final ninety days later on September 23, 2003, the last day on which he could have filed a petition for writ of certiorari in the United States Supreme Court. <u>See</u> Sup. Ct. R. 13(1) (providing that a petition for writ of certiorari "is timely when it is filed with the clerk of this Court within 90 days after entry of the judgment"); <u>Clay v. United States</u>, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079, 155 L.Ed.2d 88 (2003). The one-year period began to run on September 24, 2003, the day after the conviction became final, <u>see</u> <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998), and expired on September 23, 2004. Movant did not

file this § 2255 motion until December 29, 2004, three months after the expiration of the one-year limitation period. Therefore, Movant's § 2255 motion is clearly untimely under ¶6(1) absent the application of ¶6(2) or equitable tolling as addressed more fully below.[3]

In his response to the Court's show cause order, which he filed on March 31, 2006, Movant raises an issue under ¶ 6(2) and requests equitable tolling. First, he alleges that he was unaware of the one-year statute of limitations for filing post-conviction motions under § 2255, and that it would have been impossible for him to learn of the same. (Movant's Response to Show Cause filed March 31, 2006, at 1). In this regard, he explains that his legal resources were very limited; he "only had access to the law library at the [FCI Seagoville] detention facility . . . [which was] very out of date compared to the library at the main facility at Seagoville FCI." (Id.).[4] Second, he alleges that he "never received a [copy of the Fifth Circuit's] final decision from his appeal attorney." (Id. at 2).

The Court liberally construes Movant's first argument to raise a claim under ¶ 6(2) of § 2255 -- a government-created impediment. That section provides that the one-year limitation period begins to run on the "date on which the impediment to filing an application created by governmental action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action." See 28 U.S.C. § 2255 ¶

---

[3]   Movant does not base his § 2255 motion on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Movant's judgment of conviction became final.

[4]   The alleged inadequacy of the law library at CCA in Eden, Texas, (see Movant's Response to Show Cause filed March 31, 2006, at 1) is inapplicable to this case. The docket sheet reflects Movant was transferred to CCA well after the filing of the § 2255 motion in this case.

6(2). To invoke this section, a litigant must establish that: (1) he was prevented from filing a § 2255 motion (2) by government action (3) in violation of the Constitution or federal law. See Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003) (interpreting a similar provision applicable to federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254).

Movant's generalized statement of alleged inadequacy of legal materials at the FCI detention facility is insufficient to raise an issue of a government-created impediment. He does not claim that the detention facility did not contain copies of 28 U.S.C. § 2241, et seq., as did the petitioner in Egerton, *supra*, 334 F.3d at 435, nor does he claim that he was in fact unaware of the time limitation within which he was required to file a § 2255 motion.[5]

With respect to Movant's second argument that he did not receive a copy of the appellate opinion from his appeal counsel, the Court liberally construes it as a request for equitable tolling of the limitation period. The one-year statute of limitations can be equitably tolled only in cases presenting "rare and exceptional circumstances." United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted case omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996));

---

[5] The alleged deficiency in the detention facility's library claim is rendered all the more frivolous by the fact that Movant filed a *pro se* § 2255 motion in this case on September 3, 2002, although the same was premature and, thus, was dismissed without prejudice on September 26, 2002.

see also Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001).  Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).  Further, "equity is not intended for those who sleep on their rights."  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."  Id. at 715, n. 14.  Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling.  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

As noted above, Movant's appellate counsel filed an Anders brief in the Fifth Circuit, representing that there were no meritorious grounds for appeal and seeking to be relieved as counsel.  In accordance with the requirements of Anders[6] and the rules of the Fifth Circuit, a copy of counsel's brief was served on Movant.  Thus, he was placed on notice that counsel was seeking to be relieved of any further responsibilities as his counsel.

Following receipt of counsel's brief, Movant filed a *pro se* brief on March 25, 2003, in the Fifth Circuit.  On June 25, 2003, the Fifth Circuit filed its opinion granting counsel's motion to withdraw and affirming Movant's conviction.  Although the record before the Court does not confirm that a copy of the opinion was sent to him, the standard practice of the Fifth Circuit was and is to send a copy to a criminal case defendant/appellant in a case in which appellate counsel is given leave to withdraw and the appeal is dismissed pursuant to Anders.  Assuming *arguendo* that Movant did not receive a copy of the opinion shortly after it was issued, there is a total absence of diligence on his part.  Being fully aware of the appellate attorney's assessment of the

---

[6]   Anders v. California, 386 U.S. 738 (1967).

merits of his appeal and the fact that counsel was seeking to be relieved from further representation, reasonable diligence required, at a minimum, that Movant inquire of the Clerk for the Fifth Circuit as to the status of his appeal. Had he done so at any time prior to September 2004, more than one year after he filed his *pro se* brief, he could have avoided having his § 2255 motion being subject to dismissal as being time barred.

Accordingly, Movant is not entitled to equitable tolling and the § 2255 motion should be dismissed as time barred.

Alternatively, the § 2255 motion should be denied on the merits. Movant alleges that he pled guilty to Count One, which alleged only a $9,900 loss to the bank, but that the District Court ordered him to make restitution in the amount of $36,000. He further alleges that because the amount alleged did not exceed $10,000, his conviction was not an "aggravated felony" for purposes of deportation.

Movant's claims are no more than an attempt to persuade the court that the sentencing court erred in its guideline calculations. The District Court's technical application of the sentencing guidelines does not give rise to a constitutional issue cognizable under 28 U.S.C. § 2255. United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995); United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994); United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994).

Nevertheless Movants' contentions are unsupported by the record and wholly groundless. Count One of the indictment specifically charged Movant with depositing three forged and worthless checks in the amounts of $21,150.00, $23,225.50, and $15,798.71, an amount far exceeding the $9,900 alleged in the § 2255 motion.

USSG § 2F1.1 provides that the intended loss of a fraud is to be used for sentencing

purposes where that figure is greater than the actual loss. U.S. Sentencing Guidelines Manual § 2F1.1, cmt. n. 8 (2000); see also U.S. v. Messervey, 317 F.3d 457, 463-64 (5th Cir. 2002) (holding sentencing court properly used intended loss from scheme for sentencing purposes under USSG § 2F1.1); United States v. Anderson, 174 F.3d 515, 524-25 (5th Cir. 1999) (same).[7] Relying on the above section, the PSI determined that the intended loss from Movant's activities was $193,572.40, and used this figure in calculating the guideline range.  (PSI ¶¶ 12-25).

The Court further notes that the PSI specifically placed Movant on notice that his conviction was an aggravated felony -- because it involved fraud or deceit and the victim's loss exceeded $10,000 -- thus rendering him eligible for deportation.  (PSI ¶ 77).

B.      Coram Nobis Petition

In the context of a criminal case, the writ of coram nobis is an extraordinary remedy available only to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where he can demonstrate (1) civil disabilities resulting from the criminal conviction, and (2) that the challenged error has resulted in a complete miscarriage of justice. Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996) (citing United States v. Castro, 26 F.3d 557 (5th Cir. 1994)).  The purpose of the writ of coram nobis is to correct errors of fact which, if known at the time of the conviction, would have prevented entry of the judgment in question. See United States v. Morgan, 346 U.S. 502, 507 n.9, 74 S.Ct. 247, 250 (1954).

When Movant initially filed the coram nobis petition in this case on December 20, 2004,

---

[7] This section of the USSG was eliminated by Amendment 617 effective November 1, 2001. That amendment combined § 2F1.1 and § 2B1.1, among other things. U.S. Sentencing Guidelines Manual Supplement to Appendix C, Amendment 617 (November 1, 2002).

9

he was in custody awaiting sentencing for the re-entry after deportation and the hearing on the motion to revoke his supervised release. (See Judgments entered on January 21, 2005, in 3:01cr271-P and 3:04cr143-P). The fact that Movant was recently released from custody and removed to Mexico does not alter his in-custody status at the time the coram nobis petition was filed. Therefore, this Court lacks jurisdiction to entertain the petition for writ of error coram nobis because Movant was in custody at the time he filed the same.

Alternatively, in the event the District Court concludes that it can properly exercise jurisdiction, the *coram nobis* petition should be denied. Movant cannot establish that the challenged errors have resulted in a "complete miscarriage of justice." Jimenez, 91 F.3d at 768. On the contrary, the alleged errors would not have prevented entry of the judgment of conviction in No. 3:01cr271-P. As a matter of fact, Movant's claims are motivated solely by his subsequent removal and conviction for illegal re-entry after deportation -- collateral consequences to his underlying conviction and sentence in No. 3:01cr271-P.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate under 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations and, in the alternative, that it be denied on the merits.

It is further recommended that the coram nobis petition be dismissed for want of jurisdiction. Alternatively, should the District Court conclude that it can properly exercise jurisdiction over the coram nobis petition, it is recommended that it be denied on the merits.

A copy of this recommendation will be mailed to Movant Victor Manuel Varela at Callejon Cinco de Mayo, No. 12, Col San Rafael Champa secsion 4, Naucalpan de Juarez Edo,

Mexico C.P. 53660, <u>and</u> to Movant Victor Manuel Varela, c/o son at 2122 Yorkshire Drive, Garland, TX 75041.

     Signed this 20th of April, 2006.

                                                 WM . F. SANDERSON, JR.
                                                 UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

     In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.